Friday, May 20. The Judges delivered their opinions.
Judge Tucker.
The special finding of the Jury, in this case, makes it unnecessary to decide the principal question which was discussed at the bar, I shall, therefore, consider the point which was last presented to the Court, namel y, whether the present plaintiffs can support this, action.
*417 They find for the plaintiffs, 450 dollars, by way of damages, if the Court shall be of opinion that the action be maintainable by the plaintiffs -who are trustees of the slave in the declaration mentioned, under the deed, which they find in these words, &c. and which imports to be an indenture between W. Arnold and Judith his wife, of the one part, and James Edwards of the other part, in which it is recited that the former had, theretofore, claimed of the latter several negro slaves the descendants of slaves given, by one J. Butler, to the wife of Edwards, and mother of Judith Arnold; and that the said William and Judith had, that day, agreed with Edwards to compromise the said matter, and, in consideration of the terms thereafter mentioned, they did release and give up to Edwards, his heirs, &c. all right, title, claim, and demand, to the slaves above mentioned; in consequence and consideration of the said Edwards having that day lent, unto the said William and Judith during their natural lives, under the following reservation, four negroes, (of which the slave who was killed was one,) and at the death of the said William and Judith, the said slaves and their increase to descend to Ann MiGee, and two others, children of the said Judith, and their heirs forever: Then follows this sentence: “ The 44 reservation before mentioned is, that the said four slaves 44 and their increase should be held in trust by Benjamin. 'il and John Waller, (the plaintiffs,) as trustees, to see that the 44 profits of the said slaves should be applied to the sole use 14 of the said William Arnold, and Judith his wife, during 44 their natural lives, and, at their decease, to descend as u before mentioned,” &c. And, for the true and faithful performance of that release of right, and every part thereof, the said William and Judith had set their hands and seals thereto, the day and year aforesaid. 44 Signed and sealed “ by William Arnold and Judith Arnold, only :” and thereafter proved and admitted to record; 44 the said slave, at i4 the time of his being killed, being hired for one year t© u one Edmund Clarée, who was in possession.”
*418 If the Jury had not set out the deed in their verdict, I should have felt no difficulty in deciding that the plaintiffs were entitled to recover; but having done so, and expressly found that the title of the plaintiffs to the slave arises under that deed, we are bound, I conceive, to give to it that legal interpretation and that only, which the words of it will warrant. The whole tenor of it, from one end to the other, designates it as a release of right and claim, only, from Arnold and his wife to James Edwards; it would induce a conjecture that there was at the same time another deed executed by Edwards, in the nature of a counterpart, by which the slaves might have been conveyed to the plaintiffs to the uses recited in this deed: but nothing passed to them by this deed; for there are no words sufficient to create, or pass an estate, from one to another, and if there had been such, Edwards, in whom the property of them, in possession, appears to have been vested, has not executed the deed: and Arnold and his wife had no property in them to convey. It was the intent of the parties, it would seem, that they should have an use in them for their lives; but the deed is ineffectual to create it; much less to pass the property in fee-simple to the plaintiffs. The plaintiffs, therefore, under this deed, cannot maintain this action.
I lament that a case originating possibly in moral turpitude should go off upon such grounds. But we must decide according to law, and not according to our private feelings.'- I am therefore of opinion that the judgment must be wholly reversed.
Judge Roane.
The Jury have-not submitted the general question to the Court whether the present action can be maintained by trustees; nor do they find that the appellees are trustees of the slave in the declaration mentioned, for the purposes declared in the deed contained in the verdict; in which case it might be argued, that the Jury were otherwise satisfied of the existence of the trust, and only referred to the deed for .the purpose of specifying the terms and extent thereof. They merely find, that the appellees are *419 trustees under the deed which they find in hac verba, This seems to confine the case to the deed itself, and to submit its construction and operation to the Court. That admits deed admitsthat the slaves in question were held by James Edwards ; and he is no party to the deed, nor is it shewn by the verdict that he ever assented to the trust. For any thing that appears, the deed is the sole act of Arnold and wife, and Edwards may have refused to accede to the compromise therein mentioned. It would, therefore, be highly improper to adjudge the present appellees, entitled to recover the value of the slave in question, of whom he (Edwards) had the possession, and the right to whom it is no ■ otherwise shewn he has relinquished, than by the act of a party claiming title thereto. It is said by the appellees’ counsel, that it is no otherwise shewn than by the deed itself, that Edwards has title to this slave, and that the same deed shews he has conveyed him away; and that a party claiming benefit of a deed, must submit to it in toto. The answer is, that Edwards is, in the present case, entirely neuter: he is no party to the present suit, claims nothing under the deed, and, therefore, is not to be bound by it. The cestuis que trust for whose benefit this action is brought, exhibit the deed in order to shew the capacity of the appellees to recover; and if that deed, which is their act, shews the contrary, they must abide by the consequence. Edwards is no otherwise implicated in this business, than that the Court will not intercept a title admitted by the appellees to have been in him, unless they also shew that he has parted from it.
On this ground only, (for I have not considered the other questions,) I am of opinion that the judgment is erroneous and ought to be reverseu.
Judge Fleming.
In deciding the question whether the indenture of release, found at large in the verdict, conveyed the property of the slave Lacey (the subject of this action) to the appellees, it will be proper to consider, first, *420 in whom was the property and possession of the slave, at the time of executing the deed of release? and, secondly, by whom the same was executed ?
It appears from a recital in the deed, that the possession, and property of the slave in question (and sundry others, to whom Arnold a?id wife claimed title) were in James Edwards; and. in order to compromise the matter between the parties, the deed of release, above mentioned, was executed by Arnold and wife; who, it is presumed, claimed an equitable interest in the slaves,'under the deed of John Butler, dated the 20th of July, 1727, and recited in the release; and although James Edtvards is named a party to the deed, and probably acquiesced in it, lie was not, nor could he have been, divested of the legal property in the slave under that instrument, unless he had also signed, and duly executed it: nor does it appear that the slave was ever in, the possession of the trustees, or either of them; and, therefore, it seems to me that the action brought in iheir names cannot be sustained.’
By the whole Court, (absent Judge Lyons,) judgment bf the District Court reversed.